UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONY LAMAR CARD,<br><br>                Plaintiff,<br>    v.<br><br>GRANT BLINN,<br><br>                Defendant. | Case No. 3:25-cv-05218-TMC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR APRIL 2, 2025 |

    The District Court has referred Plaintiff Tony Lamar Card's pending Application to Proceed In Forma Pauperis ("IFP") and proposed complaint to this Magistrate Judge under Amended General Order 12-24. On March 13, 2025, Plaintiff filed a proposed civil complaint and an application to proceed in forma pauperis ("IFP"). *See* Dkts. 1; 1-1.

    In determining whether IFP should be granted, the Court has reviewed the proposed complaint and recommends the Court dismiss the complaint because Plaintiff has failed to state a claim upon which relief can be granted. The Court should not grant leave to amend. The Court recommends therefore this case should be dismissed with prejudice and the Application to Proceed IFP (Dkt. 1) should be denied.

## DISCUSSION

    The Court has analyzed the proposed complaint. Because Plaintiff filed this complaint pro se, the Court has construed the pleadings liberally and has afforded

REPORT AND RECOMMENDATION - 1

1  Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839
2  F.2d 621, 623 (9th Cir.1988).
3       In his proposed complaint, Plaintiff names Pierce County Superior Court Judge
4  Grant Blinn as the sole defendant. Dkt. 1-1. Plaintiff asserts Judge Blinn "failed to
5  respond to documents sent" and requests an "immediate signed order of writ of habeas
6  corpus" returning his son that was "unlawfully kidnapped" and "$20,000 fee per day for
7  non-response." *Id.* at 5.
8       The district court may permit indigent litigants to proceed IFP upon completion of
9  a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). But the Court must subject
10 each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening
11 and order the sua sponte dismissal of any case that is "frivolous or malicious," "fails to
12 state a claim on which relief may be granted," or "seeks monetary relief against a
13 defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also*
14 *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. §
15 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27
16 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires"
17 the court to sua sponte dismiss an IFP complaint that fails to state a claim).
18       An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact."
19 *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v.*
20 *Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); s*ee also Franklin v. Murphy*, 745 F.2d
21 1221, 1228 (9th Cir. 1984). Furthermore, a federal court may dismiss a case sua sponte
22 under Fed. R. Civ. P. 12 (b)(6) when the plaintiff has not stated a claim upon which
23 relief maybe granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th
24
25

Cir.1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *see also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (noting there is little doubt a federal court would have the power to dismiss an unfounded complaint sua sponte, even in absence of an express statutory provision).

### A. Plaintiff's Claim Against Defendant Judge Blinn

Plaintiff alleges Judge Blinn has failed to respond to a request Plaintiff made in a mailing addressed to him relating to a failure of due process, an allegedly illegal warrant, and the alleged kidnapping of Plaintiff's son. Dkt. 1-1 at 5, 9.

Judge Blinn, the sole defendant named in this case, has judicial immunity. "Anglo–American common law has long recognized judicial immunity, a sweeping form of immunity for acts performed by judges that relate to the judicial process." *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (internal quotations omitted). "Absolute immunity fails to attach to judicial officers only when they act clearly and completely outside the scope of their jurisdiction." *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985) (internal citations omitted).

The allegations of Judge Blinn's actions giving rise to his Complaint are related to the judicial process, therefore Judge Blinn has absolute judicial immunity from this suit. *See Olson v. Idaho State Board of Medicine*, 363 F.3d 916 (9th Cir. 2004) (noting that judges are entitled to absolute immunity for actions taken within their jurisdiction).

Moreover, Plaintiff fails to allege any facts that support his conclusion that Judge Blinn's failure to respond to a request made in a mailing to the court resulted in a violation of his rights. *See* Dkt. 1-1. Regardless, "[a]llegations of malice or bad faith in the execution of the officer's duties are insufficient to sustain the complaint when the

officer possesses absolute judicial immunity." *Demoran*, 781 F.2d at 158. This case has no arguable basis in law or fact. Therefore, the Proposed Complaint should be dismissed as frivolous and for failure to state a claim.

**B. Leave to Amend**

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

In this case, any attempt by Plaintiff to amend the Proposed Complaint would be futile. As such, the Court finds Plaintiff should not be afforded leave to amend his Proposed Complaint.

A district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998); *Tripati*, 821 F.2d at 1370. Here, the Proposed Complaint is frivolous and entirely without merit.

Based upon the above analysis of the deficiencies in the Proposed Complaint, the Court recommends denying Plaintiff's IFP Application (Dkt. 1).

If Plaintiff appeals an order entered in this case and/or appeals dismissal of this case, IFP status should be denied by this Court, without prejudice to Plaintiff to file with the Ninth Circuit U.S. Court of Appeals an application to proceed IFP.

CONCLUSION

For the above stated reasons, the undersigned recommends Plaintiff's Application to Proceed IFP (Dkt. 1) should be denied, this case should be dismissed with prejudice as frivolous and for failure to state a claim. Any IFP status on appeal should be denied without prejudice to Plaintiff to file with the Ninth Circuit U.S. Court of Appeals an application to proceed IFP.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on April 2, 2025, as noted in the caption.

Dated this 18th day of March, 2025.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge